UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARC WILDER,

    Plaintiff,

v.                                                            Case No: 6:19-cv-165-Orl-28GJK

REDROCK TRAVEL GROUP, LLC,
CARDIFF LEXINGTON CORPORATION,
JAY JAHID, FERNANDA JAHID, and
ROLLAN ROBERTS II,

_____/

CHRISTINE TIBOLA,

    Plaintiff,

v.                                                            Case No: 6:19-cv-168-Orl-28GJK

REDROCK TRAVEL GROUP, LLC,
CARDIFF LEXINGTON CORPORATION,
JAY JAHID, FERNANDA JAHID, and
ROLLAN ROBERTS II,

                                                                      **DISPOSITIVE MOTION**

    Defendants.

_____/

**DEFENDANTS', CARDIFF LEXINGTON CORPORATION AND ROLLAND ROBERTS, II, RULE 12(B)(1) MOTION TO DISMISS COUNT II – CIVIL THEFT CLAIM OF PLAINTIFFS', MARC WILDER AND CHRISTINE TIBOLA'S AMENDED COMPLAINT (D.E. 7) (D.E. 7)**

       The Defendants, CARDIFF LEXINGTON CORPORATION and ROLLAND ROBERTS, II (the "Defendants") Defendants, by and through the undersigned counsel, and pursuant to Rule 12(b)(1), *Fed.R.Civ.P.*, submit this Motion to Dismiss Plaintiffs', CHRISTINE TIBOLA and MARC WILDER (the "Plaintiffs"), Count II (Civil Theft) of the First Amended Complaint, for lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) and respectfully submit:

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

As alleged by Plaintiffs in their Complaint, Defendant REDROCK is a Florida corporation, with its headquarters in Orlando, Florida, at 11951 International Drive, Suite 2B1, Orlando, Florida 32821. See Complaint, ¶3 and 16. REDROCK is in the business of developing leads for timeshare and vacation club industries and providing discounted theme park tickets and travel. *Id*. at ¶¶20 and 21. Plaintiff was an employee of REDROCK and also a resident of the Middle District of Florida, where REDROCK is located. *Id*. at ¶¶2 and 10. Plaintiff further alleges that "All acts and omissions giving rise to this dispute took place within Orlando, Florida." *Id*. at ¶15. For purposes of this motion, Defendants do not dispute that Plaintiff was employed by REDROCK, REDROCK is headquartered in Orlando, Florida, Plaintiffs worked for REDROCK at its headquarters in Orlando, Florida, and all alleged acts and omissions took place in Orlando, Florida.

Defendant CARDIFF, on the other hand, is alleged by Plaintiffs to be a Colorado corporation. *Id*. at ¶8. CARDIFF's alleged connection or REDROCK, and Plaintiffs, is by virtue of an alleged corporate transaction where REDROCK merged with CARDIFF as a subsidiary in an all-stock transaction. Id. at 22. Essentially, REDROCK is a subsidiary of CARDIFF, which is a public holding company that merges with or acquires other companies, such as REDROCK. Plaintiff fails to include any specific allegations as to CARDIFF's role in Plaintiff's employment, hiring, wages, commissions and/or the alleged non-payment of same. Rather, Plaintiff includes vague, conclusory references to CARDIFF being her employer, subject to the FLSA, etc., in order to attempt to establish a claim against them, as the presumptive deep pocket and holding company of REDROCK. Id. at 25, 34, 35, and 40.

Plaintiffs allege J. JAHID, F. JAHIS, and ROBERTS were also all her employer "within the meaning of the FLSA." *Id*. at ¶34. Plaintiff makes vague, conclusory references to J. JAHID,

F. JAHIS, and ROBERTS being her employer, subject to the FLSA, etc., in order to attempt to establish a claim against them. *Id.* at 11-12, 14, and 36-39. As to ROBERTS, Plaintiff alleges that he is an employee of CARDIFF (not REDROCK) and acted on behalf of CARDIFF. *Id.* at 39.

Plaintiffs allege that she has been deprived of the federal minimum wage. Id. at ¶1. Plaintiffs further allege that they worked for Defendants, but Defendants failed and refused to compensate her for her work. *Id.* at ¶¶41-44. Plaintiffs claim to be owed unpaid wages and commissions for her work for Defendants. *Id.* at ¶¶45-47. Plaintiffs claim that even after providing notice, "[m]inimum wage and commission payments to Plaintiffs remain due and owing." *Id.* at ¶¶50. In Count I of the Complaint, Plaintiffs allege they is entitled to the federal minimum wage for certain weeks that she performed work and was not paid (*Id.* at ¶¶56-58).

With that being said, the Plaintiffs, CHRISTINE TIBOLA and MARC WILDER, incorporate each and every allegation concerning FLSA into their Civil Theft count and further allege the Defendants engaged in a scheme of deceit and theft aimed to deprive Plaintiff(s) of their compensation and the Defendants knowingly obtained, used, misappropriated, or endeavored to obtain, Plaintiffs' commissions with the intent to temporarily or permanently deprive them of their right to the commissions.

This issue merits further discussion as to whether Court has the power to exercise supplemental jurisdiction over the state law cause of action – Civil Theft Counts- alleged in the complaints because they are not so related to the FLSA claim that they form part of the same case of controversy under Article III of the United States Constitution.

## II.   MEMORANDUM OF LAW

This Court has original jurisdiction over Tibola and Wilder's claims of violation of the FLSA pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a), the Court has the power to

exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case of controversy under Article III of the United States Constitution." This supplemental jurisdiction extends to claims that involve the joinder of additional parties. Id.

Section 1367(c) provides that this Court may decline to exercise supplemental jurisdiction over a claim falling within subsection (a) in one of the following circumstances:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or,

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In determining whether the state law claims fall within § 1367(a), the United States Court of Appeals for the Eleventh Circuit uses a "common nucleus of operative fact" test. *Lucero v. Trosch,* 121 F.3d 591, 597 (11th Cir. 1997) (citing *UnitedMine Workers of Am. v. Gibbs,* 383 U.S. 715, 724-25 (1966)). In determining whether state law claims satisfy this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.,* 22 F.3d 1559, 1566 (11th Cir. 1994)).

"Substantial predominance exists 'when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" *Andrade v. Blueware, Inc.*, Case No: 6:13-cv-1507-Orl-28KRS, at *6 (M.D. Fla. Mar. 26, 2014); *Santiago v. Wm. G. Roe & Sons, Inc.,* No. 8:07-cv-1786-T-27MAP, 2008 WL 2944921, at *1 (M.D. Fla. July 29, 2008) (quoting

4

*Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 744 (11th Cir. 2006)). Furthermore, when the state law claims involve elements of proof distinctly different from the federal claim, including proof of facts not necessary to resolve the federal claim, courts have found that the state law claims substantially predominate over the federal claims. *See, e.g., German v. Eslinger,* No. 6:08-cv-845-Orl-22GJK, 2008 WL 2915071, at * 2 (M.D. Fla. July 25, 2008) (and cases cited therein).

For the reasons discussed below, the Defendants maintain that the Court does not have the power to exercise supplemental jurisdiction over the state law causes of action alleged in the complaint because the civil theft claim substantially predominates the federal claim and they are not so related that they form part of the same case of controversy under Article III of the United States Constitution.

### III.   ARGUMENT

To establish the FLSA minimum wage violation, the Plaintiffs would have to prove that he was an employee of Cardiff Lexington and Roberts, II, and that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or the production of goods for commerce, and that Cardiff Lexington and Roberts, II failed to pay them the minimum wage required by law. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at * 3 (M.D. Fla. June 9, 2009). To establish liability of Cardiff Lexington and Roberts, II, for violations of the FLSA, the Plaintiffs would additionally have to prove that Cardiff Lexington and Roberts, II, were involved in the day-to-day operation of Redrock, or that they had some direct responsibility for supervision of J Jahid or F. Jahid. *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

The Plaintiffs submit that withholding their paychecks constitutes civil theft by Cardiff Lexington and Roberts, II.  To prove this claim, the Plaintiffs must establish that the Cardiff

5

Lexington and Roberts, II, (1) knowingly (2) obtained or used, or endeavored to obtain or use, their property with (3) felonious intent (4) either temporarily or permanently to (a) deprive them of their right to or benefit from the property or (b) appropriate the property to the Cardiff Lexington and Roberts, II, own use or to the use of another not entitled to the property. *In re Tadlock,* No. 3:09-bk-712-PMG, 2010 WL 8320065, at * 3 (Bankr. M.D. Fla. Sept. 1, 2010).

The facts necessary to resolve the FLSA claim would not establish that paychecks OR commission checks prepared by Redrock were the Plaintiff's "property" before they were tendered to them or that any Defendant acted with general and specific intent to deprive them of "their property." Notwithstanding the fact, that the Plaintiff failed to allege a covert agreement or conspiracy between the Defendants to deprive money owed to the Plaintiffs, and allege with specificity, how the Defendants engaged in a scheme of deceit and theft aimed to deprive Plaintiff(s) of their compensation - proof of those facts would indeed predominate the FLSA claim.

It is clear that the civil theft count of the amended complaints and the FLSA claim do not arise out of a common nucleus of operative facts, and the Court cannot exercise supplemental jurisdiction over this cause of action under § 1367(a). When, as here, the state law claims substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought" the Court should find that it lacks supplemental jurisdiction over the Plaintiff's civil theft count under 28 U.S.C. § 1367(a). *.Andrade* at *6-7 (M.D. Fla. Mar. 26, 2014).

### IV. CONCLUSION

That based on the foregoing, the Defendants, CARDIFF LEXINGTON CORPORATION and ROLLAND ROBERTS, II, respectfully request this Court dismiss Count II (Civil Theft) of

the Plaintiffs', CHRISTINE TIBOLA and MARC WILDER, Amended Complaint for lack of supplemental jurisdiction under 28 U.S.C. § 1367(a).

Respectfully submitted on this 2nd day of October, 2019, by

/s/ Jason Brian Phillips, Esq.
By: _____

Jason Brian Phillips, Esq.
Florida Bar No: 89841
J. BRIAN PHILLIPS, P.A.
P.O. Box 621176
Orlando, FL 32862-1176
Tel. (407) 237-0192
jason@jbrianphillipsesq.com
TRIAL COUNSEL FOR THE DEFENDANTS CARDIFF LEXINGTON AND ROLLAND ROBERTS, II